Filed 12/31/24  P. v. Williams CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW STEPHEN WILLIAMS,<br><br>　　　Defendant and Appellant. | A169664<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR2017898231) |

Defendant Matthew Stephen Williams appeals after the trial court revoked his mandatory supervision and ordered him to serve the remainder of the sentence that had previously been imposed based upon his plea bargain.  He contends the trial court erred in failing to strike an enhancement based on a statutory amendment that went into effect between the time he was originally sentenced and the time the trial court revoked his mandatory supervision.  We conclude defendant forfeited this challenge by failing to raise it in the trial court, and accordingly we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged on April 27, 2017 with four counts of possessing an assault weapon for purposes of sale (Pen. Code, § 30600, subd. (a); counts

1, 4, 6, and 10),[1] five counts of possession of a large capacity magazine (§ 32310, subd. (a); counts 2, 5, 7, 11, and 12), one count of carrying in a vehicle a loaded firearm not registered to him (§ 25850, subd. (c)(6); count 3), one count of carrying in a vehicle a loaded concealed weapon not registered to him (§ 25400, subd. (c)(6); count 13), and two counts of offering to sell and furnish cocaine (Health & Saf. Code, § 11352, subd. (a); counts 8 and 9). As to counts 1 and 2, it was alleged that defendant, a principal in the offense, was armed with a firearm (§ 12022, subd. (a)(1)), and as to counts 9 through 13, it was alleged that he committed the offenses while released on his own recognizance for another offense (§ 12022.1).

Pursuant to a negotiated disposition, defendant pled no contest to counts 1, 4, 9, and 10, and he admitted two special allegations under section 12022, subdivision (a)(1). The remaining counts were dismissed. Under the plea agreement, defendant would receive a "split sentence" of 11 years and four months, with four years, four months to be spent in county jail and seven years under mandatory supervision.

The trial court sentenced defendant on August 4, 2017 to a term of 10 years and eight months, with the first four years and four months in confinement and the remaining six years and four months on mandatory supervision.[2] It also imposed fines and fees. Defendant did not appeal from the judgment.

---

[1] All undesignated statutory references are to the Penal Code.

[2] This was a lower term than the parties had originally agreed to. The discrepancy seems to have been due to an error in the initial calculation of the terms for the enhancements, which contemplated one-year terms for both the firearm enhancements (§ 12022, subd. (a)(1)) rather than one one-year term and one term of one-third the middle term, or four months. When the probation officer pointed out this issue, the People did not object to imposition of the reduced sentence.

Defendant was released from custody and ordered to report to probation in June 2019.  Two months later, on September 25, 2019, the probation department filed a petition alleging defendant had violated the terms of his supervision by failing to attend probation appointments and failing to register with law enforcement.  (Former Health & Saf., Code, § 11590.)  Defendant failed to appear at an October 7, 2019 hearing on the petition, and the trial court revoked mandatory supervision and issued a no-bail arrest warrant.

The probation department filed an amended petition on January 24, 2020, alleging defendant had violated the terms of his mandatory supervision by possessing cocaine.  (Health & Saf. Code, § 11350, subd. (a).)  He was in custody and had been transported to Mendocino County.  The probation department filed a second amended petition on February 7, 2020, alleging further violations, including failure to attend a probation appointment and a positive test for cocaine and marijuana at county jail.

Defendant was released on bail on April 10, 2020.  On June 9, 2020, he failed to appear for a hearing on his violation of mandatory supervision, and the trial court issued a warrant for his arrest.[3]

Defendant apparently remained at large until March 2023, when he was arrested in Texas on warrants for tampering with governmental records (Tex. Pen. Code, § 37.10) as well as on the Mendocino County bench warrant. He was returned to Mendocino County in September 2023, and the probation department filed a third amended petition.

---

[3] We subsequently considered an appeal by the surety company that provided defendant's bail bond.  (*People v. International Fidelity Insurance Company* (Oct. 14, 2022, A163296) [nonpub. opn.].)

The mandatory supervision revocation hearing resumed, and the trial court found defendant had violated the terms of his supervision. On December 15, 2023, the trial court permanently revoked defendant's mandatory supervision and ordered him to serve the remainder of his sentence, with custody credits awarded. This timely appeal ensued.[4]

## DISCUSSION

Defendant's sole contention on appeal is that he was entitled to the benefit of amendments to the sentencing laws that went into effect after he was originally sentenced but before the trial court ordered him to serve the remainder of his sentence in custody.

Section 1385 authorizes a judge to dismiss an action or enhancement in the furtherance of justice. (§ 1385, subds. (a), (b).) Effective January 1, 2022, in Senate Bill No. 81, the Legislature added subdivision (c) to this statute, providing that, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so," unless prohibited by an initiative statute. (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1, Sen. Bill No. 81.) In exercising its discretion, the court must "consider and afford great weight to evidence offered by the defendant" to show that one of a number of mitigating circumstances exist, among them that "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).) In such a case, "all enhancements beyond a single enhancement shall be dismissed." (*Ibid*.) And, "[w]hile the court may exercise its discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before,

_____

[4] Defendant's appellate counsel wrote a letter to the trial court, asking it to award four additional days of custody credit for time defendant spent incarcerated in Texas and to correct a clerical error in the abstract of judgment. Defendant informs us the trial court granted his request on April 27, 2024.

during, or after trial or entry of plea." (§ 1385, subd. (c)(3).) The statutory amendments apply to all sentencings that take place after January 1, 2022. (§ 1385, subd. (c)(7).)

Defendant contends the trial court abused its discretion by failing to consider striking one of the firearm enhancements under the amendments to section 1385, and he asks us to remand the matter for resentencing to allow the court to do so.

This claim is forfeited by defendant's failure to raise it below. In *People v. Coleman* (2024) 98 Cal.App.5th 709, 723–724 (*Coleman*), our colleagues in Division Five of this court considered a similar argument and found the defendant had forfeited his argument that enhancements should have been stricken under Senate Bill No. 81 by failing to raise it in the trial court. Relying on *People v. Carmony* (2004) 33 Cal.4th 367, 375–376, they explained that " 'any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his [or her] right to raise the issue on appeal.' " (*Coleman*, at p. 724; see *People v. Scott* (1994) 9 Cal.4th 331, 353 [applying waiver doctrine "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

Defendant contends the forfeiture rule is inapplicable because his challenge is not to the manner in which the trial court *exercised* its discretion but to its apparent misunderstanding of the *scope* of its discretion. He relies on *People v. Panozo* (2021) 59 Cal.App.5th 825, 828, 840, which declined to apply the forfeiture rule where it appeared the trial court was unaware of its mandatory obligation to consider the defendant's military service-related post-traumatic stress disorder as a mitigating factor.

Defendant argues the record here similarly shows the trial court was unaware of the scope of its discretion. At the outset of the December 15, 2023

hearing, the trial court stated it would permanently revoke mandatory supervision and sentence defendant to local prison for a total term of 10 years and eight months, and defense counsel expressed doubt that defendant would be able to pay restitution. The prosecutor said he was surprised at the procedure, which suggested the court was resentencing defendant, because the restitution fines had been imposed when defendant was originally sentenced and defendant had not appealed from the judgment. Defendant made a statement requesting the trial court to impose only some of the previously stayed sentence, reinstituting a split sentence that included a period of mandatory supervision, and further argument ensued. The trial court acknowledged it had "put the cart before the horse" at the outset of the hearing, but was unpersuaded on the merits. The court said it would be "ludicrous or insane" to put defendant back on mandatory supervision, after the opportunities defendant had squandered and the new offenses he had committed. The court reiterated its order permanently revoking mandatory supervision and said it was not inclined to change the previously-imposed fines. This record, defendant argues, shows that both the district attorney and defense counsel did not understand the procedure the court was using, which, he urges, shows the trial court itself misunderstood the governing law.

We are unpersuaded. The court in *Coleman* faced a similar argument that the absence of a mention of Senate Bill No. 81 and section 1385 meant the trial court was unaware of the scope of its sentencing discretion. (*Coleman, supra*, 98 Cal.App.5th at p. 724.) Rejecting this argument, our colleagues explained that the sentencing hearing took place more than four months after the effective date of Senate Bill No. 81, and the court presumed the trial court was aware of and followed applicable law. (*Id*. at pp. 724–725, citing *People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) And, the court

6

explained, "[d]efendant's citation to a silent record is insufficient to meet his burden to demonstrate an abuse of discretion." (*Coleman*, at p. 725, citing *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1096–1097; accord, *People v. Ruiz* (2023) 97 Cal.App.5th 1068, 1081 [presuming trial court was aware of and properly applied amendments to section 1385 despite not mentioning them], review granted March 12, 2024 (S283504), overruled on another point in *People v. Lynch* (2024) 16 Cal.5th 730, 768–769.) Here, the sentencing decision defendant challenges took place almost two years after the effective date of the law. The colloquy at the hearing makes no mention of section 1385 one way or the other, and there is nothing to suggest the trial court was ignorant of or misunderstood it. As did our colleagues in *Coleman*, we conclude that this record is insufficient to overcome the presumption that the trial court was aware of and followed applicable law. (*Coleman*, at pp. 724–725.) Defendant thus forfeited his challenge by failing to raise it below.[5]

In his reply brief, defendant argues that his trial counsel rendered ineffective assistance by failing to seek the benefit of Senate Bill No. 81. We need not consider arguments raised for the first time in a reply brief (*Coleman*, *supra*, 98 Cal.App.5th at p. 724; *Ford v. Pacific Gas & Electric Co.*

---

[5] Because we reach this conclusion, we need not reach the Attorney General's alternative argument that defendant's challenge to the negotiated disposition is barred by his failure to obtain a certificate of probable cause. Nor need we delve into how the trial court should have proceeded had it concluded dismissal of one of the enhancements was in the furtherance of justice. In light of the fact that defendant stipulated to the sentence in a plea bargain, he argues his case is analogous to *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) "in that the trial court failed to exercise its discretion to strike multiple sentence enhancements under section 1385." The dispositive difference between this case and *Stamps* is that here defendant cannot argue the reason the trial court "failed to exercise" discretion is that governing law, at the time it made its decision, afforded the trial court none. (Cf. *Stamps*, at p. 707.)

(1997) 60 Cal.App.4th 696, 705), and we decline to do so here. We note, however, that this last-minute argument does not grapple with the possibility that trial counsel made a tactical decision to focus defendant's request for leniency on a split sentence rather than a lower maximum term, which was an alternative that appellate counsel recognizes could have resulted in the plea bargain being rescinded. (Citing *Stamps*, *supra*, 9 Cal.5th at p. 707.)

## DISPOSITION

The judgment is affirmed.[6]


TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*People v. Williams* (A169664)

---

[6] Appellant has also filed, in propria persona, a petition for writ of habeas corpus. (*In re Williams*, A171402.) We have denied the petition by separate order filed this date.